## DEXTER BRUCE *vs.* DANIEL WHITE.

Cattle in a highway, not actually under the efficient control of a keeper, are " going at large in the highways, and not under the care of a keeper," within the meaning of the Rev. Sts. *c.* 19, § 22, and may be taken up and impounded by a field driver; although they have been entrusted by their owner to a servant, with other cattle, to be driven to pasture, and have only left the drove a mile before reaching the pasture, and turned into a different road, also leading to the pasture, over which they have sometimes been driven, and there remain feeding, and the servant returns in less than an hour to the place where he lost them.

A person who finds cattle at large in the highway, not under the care of a keeper, and drives them along the highway until he finds a field driver, is not a keeper, within the meaning of the Rev. Sts. *c.* 19, § 22, and the field-driver may lawfully receive and impound them.

REPLEVIN of four cows, taken by the defendant as a field driver of Winchendon, and impounded in the town pound, on the ground that they were going at large in the highway, and not under the care of a keeper.

At the trial in the court of common pleas. *Hoar*, J. ruled,

Bruce *v.* White.

" that if the cows were in the highway at large, and not under the care of a keeper, and a citizen complained of it to the defendant as a field driver, and requested him to impound them, the field driver might take them in the highway and impound them, although the person who complained to him had driven them along towards the field driver, in the highway—such complainant not being a keeper, in the sense of the statute ; " and instructed the jury " that the meaning of the phrase ' not under the care of a keeper' in the Rev. Sts. *c.* 19, § 22, is not confined to animals which have not been entrusted to, or put in the charge of, a keeper, but applies to all which are not in the actual continuing care or custody of a keeper, within a reasonable interpretation of the phrase applicable to the subject matter ; and that if the cattle were out of the sight of the plaintiff's servant, who had been directed to drive them to pasture, and were in a place where he could not practically exercise any control over them, and if it appears that he had lost them on the way to the pasture by their turning into the wrong road away from the rest of the drove, and that he had gone on to the pasture, which was a mile distant from the place where they were left, without missing them and without discovering that they were lost, and was gone three quarters of an hour, during which time the cattle had remained feeding by the roadside within the highway, the cattle could not be considered ' under the care of a keeper' within the meaning of the statute, although the road into which the cattle had turned would also lead by a circuitous route to the pasture, and the cattle had been sometimes driven over it to the pasture."

The jury, upon evidence tending to show the state of facts supposed in these instructions, returned a verdict for the defendant, and the plaintiff alleged exceptions.

*P. C. Bacon,* for the plaintiff. 1. Cattle taken up by a person not a field driver, and being driven by him along the highway, and delivered to a field driver, are not cattle going at large within the meaning of Rev. Sts. *c.* 19, § 22. 2. Cattle are under the care of a keeper, within the statute, when a keeper, under whose care they have been put, is within a reasonable distance

of them and intends to retain his care and custody over them, and can within a reasonable time exercise a control over all of them ; and it should be left to the jury, in each case, to determine what is reasonable in these particulars. It is not necessary that they should be in sight of the keeper; for that would often take some of them out of his custody at every angle of the road. Nor are cattle out of his care, who turn into a diverging highway, which ultimately leads to the same place, if he returns for them as soon as they are missed.

*G. F. Hoar,* for the defendant.

SHAW, C. J. The instructions in the present case were correct. The provision of law, authorizing a field driver to take up cattle going at large, and not under the care of a keeper, (Rev. Sts. *c.* 19, § 22,) has two objects in view—to secure all persons against direct injury, either to their persons or property ; and also to enable owners to regain possession of their stray beasts. The taking them and placing in pound, as a public place of security, where the owner can recover them, simply on payment of the necessary expenses, is a course well adapted to accomplish both these desirable objects. When, therefore, cattle are thus in fact at large, and not at the time actually under the efficient care of a keeper, whether through the fault or misfortune of the owner, it is the right and duty of the field driver to take them up and place then. in a public pound, which the town is bound to provide and maintain.

Whether, in a particular case, cattle are in fact going at large in a highway or town way, and whether they are or are not under the care of a keeper, are questions of fact to be determined by a jury, under proper directions. The court are of opinion that these questions were so left, and that proper directions were given in the present case. The fact that a third person found them at large, and took charge of them to prevent their entering any enclosure or doing other mischief, and drove them along the highway until he found a field driver, and then gave him notice of the fact, and relinquished the charge of them to him, did not, in our opinion, make such third person a keeper within the meaning of the statute, nor take the case out of its operation, nor

defeat the right and duty of the field driver to take and impound them; and the court was right in so directing the jury.

Upon the other ground, we think the directions were right, and that the defendant is entitled to judgment on the verdict.

. *Exceptions overruled.*